**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL LANCE LOPEZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-7311** |
| | : | |
| **KYLE A. RUSSEL, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 14th day of September, 2026, upon consideration of the Court's Order to Show Cause (ECF No. 8), Plaintiff Daniel Lance Lopez's Response thereto (ECF No. 9), Lopez's Change of Address (ECF No. 10), and his Amended Complaint (ECF No. 11), it is **ORDERED** that:

1. All claims alleged against Defendant Kyle A. Russel and "Nurses at Lehigh County Jail" are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of Court is **DIRECTED** to terminate Kyle A. Russel and "Nurses at Lehigh County Jail" as parties in the case.

3. The Fourteenth Amendment deliberate indifference claim and negligence claim alleged against Reed Miller will proceed to service.

4. The Clerk of Court is specially appointed to serve a written waiver request on the following Defendant, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service:

   a. Reed Miler

5. The waiver of service request shall be accompanied by a copy of the Amended Complaint (ECF No. 11) and shall inform the Defendant of the consequences of compliance and

failure to comply with the request. The request shall allow the Defendant at least 30 days from the date it is sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver.

6. If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

7. The Clerk of Court is **DIRECTED** not to issue a summons until further order of this Court.

8. No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery. This means the Court **will not consider discovery motions** unless or until discovery is authorized. At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

9. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

10. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Lopez is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

11. Once discovery is permitted, Lopez should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of

counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance with Local Rule 26.1(f), Lopez shall attempt to resolve any discovery disputes by contacting Defendant's counsel directly by telephone or through correspondence.

12. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

13. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

14. Lopez may file a motion for voluntary dismissal of this case at any time if Lopez decides not to pursue it. In making this decision, Lopez should consider the statute of limitations.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**